UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RODNEY COTTMAN,<br>Plaintiff, | Case No. 1:17-cv-170<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| CARESPRING, INC., et al.,<br>Defendants. | REPORT AND<br>RECOMMENDATION |

Pro se plaintiff Rodney Cottman filed this action on March 15, 2017. (*See* Doc. 1). On March 17, 2017, the Court ordered plaintiff to submit to the Court a completed and signed complaint form specifically setting forth his claims, the facts in support of his claims, the names of the defendants with their contact information and the relief requested. (Doc. 2). On May 18, 2017, plaintiff submitted a complaint for filing in this Court. (Doc. 5). However, the Court was unable to read plaintiff's handwriting and could not discern the basis for his complaint. In addition, plaintiff did not set forth the relief he was seeking and he did not sign the complaint. Based on these deficiencies, the Court ordered plaintiff on June 12, 2017 to resubmit a legible, signed copy of his complaint that sets forth the relief he is seeking. (Doc. 6 at 1). The Court also ordered plaintiff to submit copies of the complaint, completed summons forms, and completed United States Marshal forms for each of the defendants named in the complaint. (*Id.*). The Court warned plaintiff that if he failed to comply with these directives by July 12, 2017, the Court would dismiss his case for want of prosecution. (*Id.* at 1-2).

To date, plaintiff has not filed a copy of his complaint that complies with the June 12, 2017 Deficiency Order. Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case under Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions

for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Although plaintiff is proceeding pro se, the Supreme Court has stated that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be **DISMISSED** in its entirety for want of prosecution and for failure to obey an Order of the Court.

Date: 7/20/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY COTTMAN,
    Plaintiff,

vs.

CARESPRING, INC., et al.,
    Defendants.

Case No: 1:17-cv-170
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).