UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RODNEY COTTMAN,<br>Plaintiff,<br><br>vs.<br><br>CARESPRING, INC., et al.,<br>Defendants. | Case No. 1:17-CV-170<br>Barrett, J.<br>Litkovitz, M.J.<br><br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se civil action against Carespring, Inc., and its employees. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following, verbatim:

> On March 13, 2017, Nurse Sandy Herting refuse me the restroom for the entire shift of 12 hours until my bowels start coming out of my mouth. Witness by slna Bilney. Also on this date I was denied opportunity to walked by the Staff of Tracey Little and staff while the rest of resident was able to walke in the restored program of therapy. 3 African American resident was denied Black entertainment by Tina of Activities Department. CEO Heather Baily address me in a tape recorde hearing as a

(Doc. 12 at 3). As relief, plaintiff states he "want[s] the court to address the racial disparity at this facility nursing home." (Doc. 12 at 4).

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and the named defendants are domiciled in Ohio. Nor does plaintiff allege the requisite amount in controversy to satisfy diversity jurisdiction. 28 U.S.C. § 1332(1).

Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Second, the Court is without federal question jurisdiction over the complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

Plaintiff's complaint fails to state a claim for relief to the extent he may be alleging a violation of his constitutional rights. To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the offending conduct was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). It appears the nursing facility and individual defendants are private, and not state, actors, and plaintiff has alleged no facts from which the Court could conclude that these private actors were somehow involved in state action. *See Hoyt v. St. Mary's Rehab. Ctr.*, 711 F.2d 864 (8th Cir. 1983). *See also Schneller v. Prospect Park Nursing & Rehab.*, No. 08-5704, 2009 WL 1838337, at *6 (E.D. Pa. June 25, 2009) ("The fact that hospitals and nursing homes may be extensively regulated and may receive financial support from the government through Medicaid and Medicare does not make them state actors."); *Woods v. Lake Drive Nursing Home, Inc.*, 503 F. Supp. 183, 187 (D. Md. 1980) ("The defendants in this action

are private individuals and a private corporation engaged in the delivery of health care services to aged and infirm persons. The nursing home receives significant governmental funding and has submitted itself to extensive governmental regulation. However . . . that is not sufficient to connect the State of Maryland with the defendants' action so as to make the latter's conduct attributable to the State for purposes of § 1983."). Because plaintiff has alleged no facts showing the requisite state action, his complaint fails to state a cognizable claim for relief under § 1983.

In any event, to the extent plaintiff's request for relief may suggest he believes he is the victim of race discrimination, the complaint fails to state a claim for relief under the equal protection clause of the Fourteenth Amendment. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). To state a claim for discrimination under the equal protection clause, plaintiff must allege sufficient facts to show that a state actor intentionally discriminated against him because of his membership in a protected class. *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). Plaintiff has failed to allege any facts whatsoever showing that defendants treated plaintiff differently or denied him services because of his race. Nor has plaintiff alleged any facts that permit an inference that defendants acted with animus or ill will. Finally, plaintiff has not alleged any facts that show he was treated differently than any other person under similar circumstances. For these reasons, plaintiff has failed to state a claim for discrimination in violation of his equal protection rights under the Fourteenth Amendment.

Finally, the complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's federal rights. *Iqbal*, 556 U.S. at 678. Accordingly, plaintiff's complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/13/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY COTTMAN,
Plaintiff,

vs.

CARESPRING, INC., et al.,
Defendants.

Case No. 1:17-CV-170
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).